DAN M. LEE, Presiding Justice for the Court:
On September 21, 1983, the appellant Ralph Norman was charged by separate criminal affidavits with One count of rape and two counts of burglary of an occupied dwelling. One of the burglary charges arose out of the same occurrence as did the rape charge, i.e., the burglary charge was predicated on the appellant’s breaking and entering with the intent to assault the occupants of the dwelling, including the rape victim.
*1164 Norman waived indictment on the charges, and on February 23, 1984, he pleaded guilty in the Circuit Court of Harrison County to each of the charges. Norman was sentenced to thirty years on the rape charge and fifteen years on each of the burglary charges. All the sentences were to run concurrently, giving Norman thirty years to serve.
On March 30, 1987, Norman filed a motion to set aside the rape conviction, pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss.Code Ann. § 99-39-1 et seq. (Supp.1988) (effective April 17, 1984). Norman alleged that the conviction and sentence on the rape charge subjected him to double jeopardy, in that the rape charge arose out of the same facts and circumstances which gave rise to one of the burglary convictions.
On April 8,1987, the circuit court denied Norman’s motion with prejudice. The court found that Norman’s conviction and sentence on the rape charge did not violate the double jeopardy clauses of either the state or federal constitutions.
Aggrieved by the circuit court’s denial of his motion for post-conviction relief, Norman has perfected a pro se appeal to this Court, and has assigned one error:
THAT THE TRIAL COURT ERRED IN FINDING THAT APPELLANT’S CONVICTION ON THE RAPE CHARGE DID NOT VIOLATE THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS.
Norman contends that his conviction on the rape charge is unconstitutional because the double jeopardy clauses of the United States and Mississippi Constitutions prohibit double punishment where the charge of breaking and entering with the intent to assault and the charge of rape arise out of the same occurrence.
We addressed this same issue in Smith v. State, 429 So.2d 252 (Miss.1983). There we held that Smith’s trial and conviction for the crime of burglary did not subject him to double jeopardy, even though Smith had earlier been tried and convicted for the crime of rape arising out of the same general facts and circumstances. Our holding in Smith is dispositive of Norman’s assignment of error.
The judgment of the Circuit Court of Harrison County denying Norman’s motion for post-conviction relief should be and is hereby affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.