MYERS, J.,
for the court.
¶ 1. Dexter Fulton pled guilty to the crime of burglary and was sentenced to seven years’ imprisonment. Fulton filed a petition for post-conviction relief, which was denied. Fulton filed a notice of out-of-time appeal after being granted leave to do so by the Lowndes County Circuit Court, which did not receive the first notice of appeal Fulton claimed he sent. Fulton appeals asserting:
1. HE WAS DENIED THE RIGHT TO A SPEEDY TRIAL;
2. HE WAS DENIED THE RIGHT TO A PRE-TRIAL HEARING;
3. HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
STATEMENT OF FACTS
¶ 2. According to Fulton, he was arrested and indicted for the crime of burglary of a business. Fulton was released on a bond but was incarcerated after a judgment nisi was obtained after he failed to sign in at the courthouse. Fulton pled guilty to the burglary charge and was sentenced on March 7, 2001.
¶ 3. The trial court has four sessions: February, May, August, and November. Fulton’s case was continued from the November session to the February session due to the defense’s request for more time for discovery. Other continuances were made due to another trial, the necessity for a mental examination of Fulton, and the absence of the defense attorney, who was out of town.
LEGAL ANALYSIS
1.FULTON WAS NOT DENIED THE RIGHT TO A SPEEDY TRIAL
¶ 4. A guilty plea waives all non-jurisdictional rights or defects, Anderson v. State, 577 So.2d 390, 391 (Miss.1991), including the right to a speedy trial. After reviewing the transcript, we conclude that there was nothing improper about his guilty plea.
¶ 5. Even without the guilty plea, there would not have been a speedy trial violation. Continuances were granted because of discovery, congested court docket, other trials, attorneys out of town, and a mental examination of the defendant. These could have been found as reasonable grounds for delay.
2. FULTON WAS NOT DENIED THE RIGHT TO A PRE-TRIAL HEARING
¶ 6. As stated earlier, a guilty plea waives all non-jurisdictional rights or defects, Anderson, 577 So.2d at 391, including the right to a pre-trial hearing. Fulton was not denied the right to a pre-trial hearing.
3. FULTON WAS NOT DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 7. The standard to be applied to an ineffective assistance of counsel claim was set out by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove ineffective assistance of counsel, it must be shown (1) that the counsel’s performance was deficient, and (2) the deficient performance caused prejudice to the defense. Strickland, 466 U.S. at 687, 104 S.Ct. 2052; Walker v. State, 703 So.2d 266, 268(¶ 8) (Miss.1997). The deficiency and the prejudicial effect-are judged by looking at the totality of the circumstances, and there is a strong presumption counsel’s performance fell within the wide range of reasonable professional assistance. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). The burden is on the defendant to demonstrate the Strickland factors to support an ineffective assistance of counsel claim. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
*1173 ¶8. Fulton argues this issue based on two points. The first is that it was error by his attorney to plead rather than raise the right to a speedy trial. While it would be error for an attorney to fail to raise the issue of speedy trial if it was meritorious, as stated earlier, there would not have been a speedy trial violation in this case due to the reasonable delays.
¶ 9. Fulton’s second argument is that he received ineffective assistance of counsel because the attorney was court-appointed. He alleges that the attorney refused to contact him or talk to the judge on his behalf. Fulton argues that “most, but not all” court-appointed attorneys are not going to work to their fullest on behalf of their clients because the State will pay them anyway. We disagree with this generalization about court-appointed attorneys.
CONCLUSION
¶ 10. Fulton pled guilty to the crime of burglary. He waived certain rights by that plea. Fulton received effective assistance of counsel. Although Fulton brought up other grievances in his reply brief, because those grievances were made in the reply brief and were not addressed properly as issues in the appellant brief, we decline to discuss them.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.