MAXWELL, J., for the Court:
¶ 1. Shawn Adams appeals the dismissal of his motion for post-conviction relief (PCR). After review, we find it was plain from the motion, the exhibits, and the transcript of the plea hearing resulting in his armed-robbery conviction that Adams was not entitled to any relief.[1] The transcript of the plea hearing clearly shows Adams’s guilty plea was voluntary and supported by a factual basis. And Adams offered no evidence contradicting that transcript or supporting his other PCR claims. Because we find no abuse of discretion in the circuit judge’s dismissal of the Adams’s PCR motion, we affirm.[2]
*676 Background
¶ 2. In August 2008, Adams, donning a red ski mask and wielding a hammer, smashed through the front glass door of “Any Day’s A Payday” — a local payday lender in Forrest County. Once inside, the masked Adams sat in a chair in front of an employee’s desk and placed the hammer on the desk. He then opened a bag and demanded cash. After the employee placed $2,800 in the bag, Adams picked up his hammer and left through the broken door.
¶ 3. At his plea hearing, based on the State’s recitation of the evidence against him, Adams admitted he had committed an armed robbery. While he took issue that the State never recovered the hammer— the weapon used to commit the armed robbery — he did not deny using a hammer to smash the window and threaten the employee to hand him the money. Instead, he told the judge: “I did the crime. I admitted to it that I did it. [My attorney] explained armed robbery to me.”
¶ 4. Adams further acknowledged he had not been coerced into pleading guilty or promised anything by the State. The judge explained that Adams was facing life imprisonment if he pled guilty, which Adams claimed he understood. Finding Adams’s guilty plea was made “intelligently, knowingly, understandingly, freely, and voluntarily,” the circuit judge accepted Adams’s plea.
Discussion
¶ 5. On appeal, Adams presents the same arguments he offered in his dismissed PCR motion. While Adams insists there are thirteen separate reasons why he is entitled to post-conviction relief, most of these assertions hinge on one issue — the voluntariness of his guilty plea.

I. Voluntariness of Guilty Plea

¶ 6. Though Adams makes various claims about why his guilty plea was involuntary, we agree with the circuit judge that Adams was not entitled to an eviden-tiary hearing on this issue. See Miss. Code Ann. § 99-89-11(2) (Supp.2012). Adams attached the transcript of his plea hearing to his PCR motion. And this transcript clearly shows that his plea was voluntary.
¶ 7. At the plea hearing, Adams was advised about the elements of the charged crime of armed robbery. See Jones v. State, 936 So.2d 993, 995 (¶ 6) (Miss.Ct.App.2006) (citing Bradshaw v. Stumpf 545 U.S. 175, 182-83, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005)); see also Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). He was also specifically informed that his guilty plea would act as a “waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination.” Alexander, 605 So.2d at 1172. The judge asked if Adams understood the minimum and maximum sentences he could face for armed robbery, and Adams assented that he did. See Woods v. State, 71 So.3d 1241, 1245 (IT 12) (Miss.Ct.App.2011). And before accepting Adams’s guilty plea, the circuit judge determined there was a factual basis for the plea. See URCCC 8.04. The judge also ensured Adams had not been improperly induced into pleading guilty by promises or threats. See id.
¶ 8. Thus, we find the plea transcript shows Adams’s guilty plea was voluntary. See Gardner v. State, 531 So.2d 805, 809-10 (Miss.1988) (finding that the thoroughness of the trial court’s interrogation during the plea colloquy “is the most significant evidence of all” when evaluating the issue of voluntariness). While “an attack on a facially correct plea may survive summary dismissal if supporting affidavits of other persons are attached,” Adams at *677 tached no such evidence to his PCR motion. Mitchener v. State, 964 So.2d 1188, 1194 (¶ 15) (Miss.Ct.App.2007). Without any evidence to contradict his sworn plea, Adams’s involuntary-guilty-plea claim was properly dismissed. See id.
¶ 9. Consequently, most of Adams’s other claims in his PCR motion were also properly dismissed. For example, Adams claims his indictment was deficient because it did not include a time-and-date stamp indicating when it was filed with the court. See URCCC 7.06(2). The circuit judge, who reviewed the criminal record, found no such defect. But even if he had, Adams’s voluntary guilty plea waived all technical, non-jurisdictional defects in the indictment. See Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990).[3] Also, many of Adams’s claims challenge the sufficiency and credibility of the State’s evidence against him. These claims were also waived by Adams’s valid guilty plea. See Chissom v. State, 66 So.3d 1280, 1282 (¶ 6) (Miss.Ct.App.2011) (citing Thornhill v. State, 919 So.2d 238, 241 (¶ 16) (Miss.Ct.App.2005)) (holding that “[a] valid guilty plea waives the right to challenge the sufficiency of the State’s evidence”).

II. Constitutional Effectiveness of Counsel’s Assistance

¶ 10. Adams does, however, assert a claim that was not waived — his argument that his counsel was constitutionally ineffective “as to his plea.” A voluntary guilty plea waives claims of ineffective assistance of counsel “except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea[.]” Hill v. State, 60 So.3d 824, 827 (¶ 6) (Miss.Ct.App. 2011) (quoting United States v. Cavitt, 550 F.3d 430, 441 (5th Cir.2008)). “fCJlaims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in Strickland [v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)].” Missouri v. Frye, — U.S. -, -, 132 S.Ct. 1399, 1405, 182 L.Ed.2d 379 (2012). Under this test, Adams had to show: (1) his counsel’s performance was deficient, and (2) the deficiency was prejudicial. Strickland, 466 U.S. at 687,104 S.Ct. 2052.
¶ 11. Adams does suggest: (1) his counsel was deficient because counsel misinformed him about parole eligibility and the minimum sentence he could receive; and (2) had he been properly informed, he would not have pled guilty. But Adams provides nothing beyond his own assertions that he was misinformed. See Ealey v. State, 967 So.2d 685, 691 (¶ 18) (Miss.Ct.App.2007) (“It is firmly established that mere allegations are insufficient to entitle a defendant to an evidentiary hearing on a post-conviction claim of ineffective assistance of counsel.”); see also Brooks v. State, 89 So.3d 626, 628 (¶ 6) (Miss.Ct.App.2011) (holding that in PCR cases, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit” (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995))). Further, Adams’s assertions are contradicted by his prior sworn testimony about his counsel’s representation. See Mitchener, 964 So.2d at 1194 (¶ 15) (holding that, where a PCR movant’s assertions are overwhelmingly contradicted by the “unimpeachable documentary evidence in the record,” such as the movant’s prior sworn testimony, the court may conclude the allegations are a *678 “sham” and no hearing is required). Therefore, the circuit judge properly dismissed Adams’s ineffective-assistance-of-counsel claim without a hearing. See id.

III. Double Jeopardy

¶ 12. Adams also argues he was subjected to double jeopardy because he was indicted for both burglary and armed robbery based on the same set of facts. “[A] plea of guilty to a charge does not waive a claim that ... the charge is one which the State may not constitutionally prosecute.” Matlock v. State, 782 So.2d 168, 171 (¶ 10) (Miss.1999) (quoting United States v. Broce, 488 U.S. 563, 575, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)). Both the United States and Mississippi Constitutions prohibit placing a person’s life or liberty in jeopardy twice for the “same offense.” U.S. Const, amend. V; Miss. Const, art. 3, § 22. But prosecuting a defendant for separate and distinct statutory offenses does not violate the constitutional prohibition against double jeopardy — even if those offenses arise out of the same set of facts. Smith v. State, 429 So.2d 252, 253-54 (Miss.1983) (discussing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). Armed robbery and burglary are distinct codified crimes with differing elements. Smallwood v. State, 930 So.2d 448, 450-51 (¶¶ 6-7) (Miss.Ct.App.2006) (finding defendant’s prosecution for both armed robbery and burglary did not violate prohibition against double jeopardy). So the State did not place Adams in jeopardy twice for the same offense. Because Adams does not make a facially valid claim that he pled guilty to a crime the State could not have constitutionally prosecuted, summary dismissal of this claim was also proper.
¶ 13. We affirm the judgment summarily dismissing Adams’s PCR motion.
¶ 14. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ„ CONCUR.

. A judge may summarily dismiss a PCR motion, without an evidentiary hearing, "[i]f it plainly appears from the face of the motion, any annexed exhibits!,] and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Supp.2012).

. See Burrough v. State, 9 So.3d 368, 371 (¶ 6) (Miss.2009) (reviewing the dismissal of a PCR motion for abuse of discretion).

. Of course, "[a] guilty plea does not waive an indictment’s failure to charge an essential element of the crime, and it does not waive lack of subject matter jurisdiction[.]” Joiner v. State, 61 So.3d 156, 159 (¶ 7) (Miss.2011) (citing Conerly v. State, 607 So.2d 1153, 1156 (Miss.1992)). But Adams does not allege either of these exceptions.