ISHEE, J.,
for the Court:
¶ 1. On August 19, 2009, Channing Larry pleaded guilty in the Lee County Circuit Court to two counts of armed robbery. He was sentenced to thirty years with fifteen years suspended on each count to be served in the custody of the Mississippi Department of CoiTections (MDOC), with the sentences to run concuxrently with each other. Subsequently, Larry filed a motion for post-conviction i-elief (PCR) which was denied. Lairy now appeals. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On August 19, 2009, Larry pleaded guilty to two counts of armed robbery. Prior to his plea, Larry had rejected the State’s plea-bargain offer of twenty years, with twelve years suspended and eight years to serve. Lairy claims that his attorney assured him that if he pleaded guilty in open court, he would receive no more than the eight years offex-ed by the State.
¶ 3. On August 25, 2009, Larry was sentenced to thirty years, with fifteen years suspended and five years under post-release supervision for Count I and thirty years with fifteen years suspended on *265 Count II, with the sentences to run concurrently with each other. Larry filed a motion on September 1, 2009 to withdraw his guilty pleas. Larry asserted that his pleas were involuntarily made based on improper inducement by his attorney. The motion was denied.
¶ 4. Larry filed a PCR motion on June 10, 2010, which was denied due to his failure to follow the required form. Subsequently, Larry filed an amended PCR motion again alleging that his guilty pleas were not voluntarily and freely made. On March 22, 2011, the circuit court denied the motion. Aggrieved, Larry appeals.
STANDARD OF REVIEW
¶ 5. A trial court’s denial of a PCR motion will not be disturbed unless the decision was clearly erroneous. Jackson v. State, 67 So.3d 725, 730 (¶ 16) (Miss.2011)(citing Brown v. State, 731 So.2d 595, 598 (Miss.1999)). Questions of law are reviewed de novo. Id.
DISCUSSION
¶ 6. On appeal, Larry argues that the trial court erred in denying his PCR motion because he did not knowingly and voluntarily enter his guilty pleas. “Solemn declarations made in open court carry a strong presumption of verity.” Jones v. State, 885 So.2d 83, 87 (¶ 8) (Miss.Ct.App.2004). It is well-settled that a guilty plea is valid so long as it was “voluntarily and intelligently made by the criminal defendant before the trial court.” Burrough v. State, 9 So.3d 368, 373 (¶ 11) (Miss.2009) (citing King v. State, 738 So.2d 240, 241 (Miss.1999)). “To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of that plea.” Id. (citing Harris v. State, 806 So.2d 1127, 1130 (¶ 9) (Miss.2002)).
¶7. Larry asserts that his guilty plea was not voluntarily made but, rather, was improperly induced by false assurances from his attorney. In support of his argument, Larry presents a personal affidavit and an affidavit of his mother, both of which claim that Larry’s attorney assured him that he would receive no more than the eight years previously offered by the State during plea negotiations. Further, Larry contends that he was not aware that his sentence would be a “day for day” sentence with no eligibility for probation or parole.
¶ 8. The record shows that, prior to the acceptance of his plea, the trial judge thoroughly advised Larry of his rights, the nature of the charges, and the consequences of his guilty pleas. The trial judge specifically stated that, for each count of armed robbery, the minimum sentence was three years and the maximum sentence was any sentence less than the defendant’s life expectancy. Larry affirmatively answered that he understood his rights, the nature of the charges, and the consequences of his pleas.
¶ 9. Even if Larry was informed prior to his plea hearing that he would not receive more than eight years or a “day for day” sentence, such misconceptions were corrected by the trial court at the plea hearing. “A guilty plea is voluntary despite erroneous advice given by counsel if the defendant’s misconception is corrected by the court during the plea eolloquoy.” Id. (citing Loden v. State, 971 So.2d 548, 573 (¶ 60) (Miss.2007)).
¶ 10. Further, the affidavits of Larry and his mother are clearly contradicted by the plea-hearing transcript. “A trial court may disregard the movant’s assertions where they are substantially contradicted by the court record that culminated in the entry of the guilty plea.” *266 Staggs v. State, 960 So.2d 563, 566 (¶ 4) (Miss.Ct.App.2007) (citation omitted). We find that Larry’s guilty pleas were voluntary and the trial court was not clearly erroneous in denying Larry’s PCR motion. This issue is without merit.
lili. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR. MAXWELL, J„ CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.