# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01147-COA

**FREDDRICK STAMPS**                                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                            **APPELLEE**


DATE OF JUDGMENT:                06/18/2013
TRIAL JUDGE:                     HON. M. JAMES CHANEY JR.
COURT FROM WHICH APPEALED:       SHARKEY COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          FREDDRICK STAMPS (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: LADONNA C. HOLLAND
NATURE OF THE CASE:              CIVIL – POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:         POST-CONVICTION RELIEF DENIED
DISPOSITION:                     AFFIRMED - 11/18/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., ISHEE, ROBERTS AND JAMES, JJ.

### ROBERTS, J., FOR THE COURT:

¶1.   Freddrick Stamps pled guilty to burglary.  The Sharkey County Circuit Court

sentenced him to fifteen years in the custody of the Mississippi Department of Corrections

(MDOC), with ten years suspended and five years to serve, followed by three years of post-

release supervision.  By pleading guilty to burglary, Stamps avoided prosecution for sexual

battery.  Additionally, Stamps avoided prosecution as a habitual offender under Mississippi

Code Annotated section 99-19-81 (Rev. 2007).  After he pled guilty, Stamps filed a motion

for post-conviction relief (PCR), and later "amended" his PCR motion to raise additional

issues.  The circuit court found no merit to Stamps's PCR motion and summarily denied his

request for relief. Stamps appeals. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Stamps was indicted for sexual battery and burglary of a dwelling. Additionally, the prosecution alleged that Stamps qualified for enhanced sentencing as a habitual offender[1] under section 99-19-81. Accordingly, Stamps faced a potential sentence of twenty-five years for burglary. Miss. Code Ann. § 97-17-23(1) (Rev. 2014). He also faced a maximum sentence of thirty years for sexual battery. Miss. Code Ann. § 97-3-101(1) (Rev. 2014). Later, the prosecution offered to drop the sexual-battery charge and the habitual-offender portion of the indictment if Stamps agreed to plead guilty to burglary. The prosecution also agreed to recommend that the circuit court sentence Stamps to fifteen years in the custody of the MDOC, with ten years suspended and five years to serve, followed by three years of post-release supervision. Stamps took the deal. He pled guilty to burglary on October 9, 2012. The circuit court sentenced him consistent with the prosecution's recommendation.

¶3. In January 2013, Stamps filed a PCR motion. He claimed that his conviction and sentence for burglary should be vacated because he did not receive an initial appearance within forty-eight hours of his arrest. Stamps also claimed he received ineffective assistance of counsel because his attorney did not make the circuit court aware of alleged variations between the victim's statement and the statement discussed in a police report. He also argued that his lawyer was ineffective because she did not inform the circuit court of the

_____

[1] Stamps had previously been convicted of grand larceny in 1998. During 2007, he was convicted of burglary and aggravated assault.

2

delay in Stamps's initial appearance. Finally, Stamps claimed that his guilty plea was involuntary because he told his lawyer that he wanted to go to trial before he decided to plead guilty.

¶4. Two months later, Stamps filed an "amendment" to his PCR motion. Within his "amendment," Stamps raised four new issues. He claimed that there was insufficient evidence that he was guilty of burglary, because there was insufficient evidence that he broke into the victim's house with the intent to commit sexual battery. Stamps also claimed that the burglary charge in the indictment was fatally defective. It appears that he attempted to raise a new issue regarding his delayed initial appearance, but he essentially repeated the claim he raised in his original PCR motion. Lastly, he claimed that the sexual-battery charge in the indictment was fatally defective because it did not allege that he committed an overt act in furtherance of attempted sexual battery.

¶5. The circuit court considered the merits of the claims that Stamps raised in his original PCR motion and the "amendment" that he filed two months later. However, the circuit court found no merit to Stamps's claims. Stamps appeals.

## STANDARD OF REVIEW

¶6. In reviewing a circuit court's decision to deny a PCR motion, an appellate court will not disturb the circuit court's factual findings unless they are clearly erroneous. *Rowland v. State*, 42 So. 3d 503, 506 (¶8) (Miss. 2010). We review questions of law de novo. *Id*.

## ANALYSIS

### I. INITIAL APPEARANCE

¶7. Stamps's first issue stems from the fact that his initial appearance before the Sharkey County Justice Court did not occur within forty-eight hours of his arrest. According to Stamps, because his initial appearance was approximately eighty-one hours after he was arrested, his guilty plea should be set aside, his sentence should be vacated, and both charges in the indictment should be dismissed with prejudice. Stamps does not claim that he experienced any particular prejudice because his initial appearance was delayed. In other words, Stamps suggests that he is immune to prosecution simply because his initial appearance was approximately thirty-three hours too late.

¶8. Rule 6.03 of the Uniform Rules of Circuit and County Court Practice provides that "[e]very person in custody shall be taken, without unnecessary delay and within 48 hours of arrest, before a judicial officer or other person authorized by statute for an initial appearance." Rule 6.03 further states:

> Upon the defendant's initial appearance, the judicial officer or other person authorized by statute shall ascertain the defendant's true name and address, and amend the formal charge if necessary to reflect this information. The defendant shall be informed of the charges against him/her and provided with a copy of the complaint. If the arrest has been made without a warrant, the judicial officer shall determine whether there was probable cause for the arrest and note the probable cause determination for the record. If there was no probable cause for the warrantless arrest, the defendant shall be released. The judicial officer shall also advise the defendant of the following:
>
> 1. That the defendant is not required to speak and that any statements made may be used against him . . . ;
>
> 2. If the defendant is unrepresented, that the defendant has the right to assistance of an attorney, and that if the defendant is unable to afford an attorney, an attorney will be appointed to represent him . . . ;

4

3. That the defendant has the right to communicate with an attorney, family or friends, and that reasonable means will be provided to enable [him] to do so;

4. Conditions under which the defendant may obtain release, if any; [and]

5. That the defendant has the right to demand a preliminary hearing while [he] remains in custody.

Stamps does not claim that his initial appearance, though delayed, was otherwise insufficient in any way. Although he claims that he experienced prejudice because of the delay, he does not elaborate regarding exactly how he was prejudiced.

¶9. The record reflects that Stamps exercised his right to remain silent, and otherwise refused to cooperate with the investigation after he was arrested. Consequently, the prosecution did not obtain any evidence against Stamps while he was waiting for his initial appearance. Additionally, there is no indication that the prosecution obtained some sort of tactical advantage by virtue of the delay. "[T]he failure to provide an initial appearance for the accused within forty-eight hours does not itself mandate reversal of his . . . convictions" when the accused did not suffer prejudice as a result of the delay. *McClendon v. State*, 124 So. 3d 709, 714 (¶13) (Miss. Ct. App. 2013). A broad allegation of unspecified prejudice is insufficient. Because Stamps did not carry his burden to prove that the delay caused him some form of specific prejudice, we find no merit to this issue.

## II.    DOUBLE JEOPARDY

¶10. Next, Stamps claims that the circuit court should have dismissed the indictment against him because he was charged twice for the same crime. That is, Stamps claims he experienced double jeopardy because he was charged with sexual battery and burglary of a

5

dwelling. Stamps's reasoning is based on the premise that the burglary charge was related to his intent to commit sexual battery after he broke into the victim's house.

¶11. Stamps raises this issue for the first time on appeal. Mississippi Code Annotated section 99-39-21(1) (Rev. 2007) states:

> Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

However, the Mississippi Supreme Court has held that the constitutional right to be free from double jeopardy is a fundamental right, and the procedural bars referenced in the Mississippi Uniform Post-Conviction Collateral Relief Act do not apply to double-jeopardy claims. *Rowland*, 42 So. 3d at 508 (¶15). Additionally, "[e]rrors affecting fundamental rights are exceptions to the rule that questions not raised in the trial court cannot be raised for the first time on appeal." *Read v. State*, 430 So. 2d 832, 837 (Miss. 1983). Consequently, Stamps may raise this issue for the first time on appeal. However, Stamps is mistaken regarding his claim that he experienced double jeopardy.

¶12. A person's life or liberty may not be placed in jeopardy twice for the same offense. U.S. Const. amend. V; Miss. Const. art. 3, § 22. "The double-jeopardy clause affords three protections: (1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense." *Foreman v. State*, 51 So. 3d

6

957, 960 (¶8) (Miss. 2011). The circumstances of Stamps's case do not fall under any of those three categories. He was never prosecuted twice for the same offense. "[P]rosecuting a defendant for separate and distinct statutory offenses does not violate the constitutional prohibition against double jeopardy – even if those offenses arise out of the same set of facts." *Adams v. State*, 117 So. 3d 674, 678 (¶12) (Miss. Ct. App. 2013). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

¶13. Under Mississippi Code Annotated section 97-3-95(1)(a) (Rev. 2014), "[a] person is guilty of sexual battery if he or she engages in sexual penetration with . . . [a]nother person without his or her consent[.]" To prove that someone is guilty of burglary, there must be proof beyond a reasonable doubt that the accused committed a "breaking and entering [of a] dwelling house . . . with the intent to commit some crime therein[.]" Miss. Code Ann. § 97-17-23(1) (Rev. 2014). Burglary and sexual battery require proof of different facts. Consequently, even if the prosecution had pursued the sexual-battery charge, Stamps would not have been subjected to double jeopardy because he pled guilty to burglary. *See also Norman v. State*, 543 So. 2d 1163, 1164 (Miss. 1989) (holding that no double-jeopardy violation results from convictions for rape and burglary even where both charges arose from a common set of facts). There is no merit to this issue.

### III.   EFFECTIVE ASSISTANCE OF COUNSEL

¶14. Next, Stamps claims the circuit court erred when it did not find that he received ineffective assistance of counsel. Although Stamps raises a myriad of claims related to the underlying concept that he received ineffective assistance of counsel, he does not support his claims with any affidavits. "[W]here a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995). Furthermore, most of Stamps's claims are not specific enough to review. He claims that his attorney was ineffective because: (1) she failed to file unspecified "critical motions," (2) she failed to investigate unspecified information "relating to his innocence," (3) she would not assist him with some requests that he does not specify, and (4) she "attacked" him in some unspecified way. Such broad and conclusory allegations are insufficient for us to review.

¶15. "A voluntary guilty plea waives claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Adams*, 117 So. 3d at 677 (¶10). To prove ineffective assistance of counsel, Stamps is obligated to prove: (1) his counsel's performance was deficient, and (2) the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Stamps's most developed claims were that his lawyer told him that he did not have a defense, and she did not point out a discrepancy between the victim's statement and a police report that briefly summarized the victim's statement. Stamps does not demonstrate how his lawyer's performance was deficient for advising him that he did not have a defense. What is more, he does not even elaborate as to what defense he supposedly had. As for any discrepancy between the victim's

8

actual statement and the statement that was relayed in a police report, it was irrelevant. The discrepancy was relevant as to the sexual-battery charge. Stamps pled guilty to burglary. The prosecution did not pursue the sexual-battery charge. It would make no sense to point out a discrepancy that related to a charge for which Stamps was not being prosecuted. This issue has no merit.

## IV. VOLUNTARY GUILTY PLEA

¶16. Stamps claims the circuit court erred when it found no merit to his claim that his guilty plea was involuntary. According to Stamps, his lawyer coerced him to accept the plea deal. He also claims that his guilty plea was involuntary because he told his lawyer that he wanted to go to trial before he decided to plead guilty.

¶17. "[A] guilty plea is valid so long as it was voluntarily and intelligently made by the criminal defendant before the trial court." *Larry v. State*, 129 So. 3d 263, 265 (¶6) (Miss. Ct. App. 2013). "To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of that plea." *Id*. During the guilty-plea hearing, Stamps swore that he wanted to plead guilty. He was thirty-six years old at that time, and he had a twelfth-grade education. He said he understood his guilty-plea petition, and he signed it. On six separate occasions as the circuit court explained the rights that he was waiving, Stamps swore that he still wanted to plead guilty. "Solemn declarations made in open court carry a strong presumption of verity." *Id*. There is entirely no merit to this issue.

## V. FACTUAL BASIS FOR THE GUILTY PLEA

9

¶18. For the first time on appeal, Stamps claims that there was no factual basis for his guilty plea. "[A petitioner] who fails to raise an issue in his motion for post-conviction relief before the trial court may not raise that issue for the first time on appeal." *Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2009) (citing *Gardner v. State*, 531 So. 2d 805, 808-09 (Miss. 1988)). This issue is procedurally barred.

## VI. SUFFICIENCY OF THE EVIDENCE

¶19. Next, Stamps claims there was insufficient evidence that he was guilty of burglary. By pleading guilty, an offender waives a claim that there was insufficient evidence to find him guilty. *Welch v. State*, 958 So. 2d 1288, 1289 (¶5) (Miss. Ct. App. 2007). There is no merit to this issue.

## VII. DISCOVERY VIOLATION

¶20. Stamps also claims that the prosecution did not provide him with his clothes and pictures of the window that he used to access the victim's home. Stamps did not raise this issue in his PCR motion. "[A petitioner] who fails to raise an issue in his motion for post-conviction relief before the trial court may not raise that issue for the first time on appeal." *Fluker*, 17 So. 3d at 183 (¶5). Consequently, this issue is procedurally barred.

## VIII. SPEEDY TRIAL

¶21. Next, Stamps seems to claim that he was denied his right to a speedy trial, because 436 days passed between the time of his arrest and the date he pled guilty. Stamps did not raise this issue in his PCR motion. "[A petitioner] who fails to raise an issue in his motion for post-conviction relief before the trial court may not raise that issue for the first time on

appeal." *Id*. Procedural bar notwithstanding, "[a valid] guilty plea waives all non-jurisdictional rights or defects, . . . including the right to a speedy trial." *Fulton v. State*, 844 So. 2d 1171, 1172 (¶4) (Miss. Ct. App. 2003).

## IX. SUFFICIENT INDICTMENT

¶22. Finally, Stamps claims the burglary charge in the indictment was insufficient. The precise nature of Stamps's claim is unclear. As best we can tell, Stamps reiterates his claim that he could not be charged with sexual battery and burglary, where the underlying intent of the burglary was to commit sexual battery. Essentially, this is simply a revised version of his meritless double-jeopardy claim. In any event, a guilty plea waives all non-jurisdictional defects in an indictment. *Maggitt v. State*, 26 So. 3d 363, 365 (¶10) (Miss. Ct. App. 2009). There is no merit to this issue.

¶23. **THE JUDGMENT OF THE SHARKEY COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SHARKEY COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**