# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00183-COA

**JAMES DOUGLAS SMITH A/K/A**                                    **APPELLANT**
**JAMES D. SMITH**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**


DATE OF JUDGMENT:                01/06/2014
TRIAL JUDGE:                     HON. C.E. MORGAN III
COURT FROM WHICH APPEALED:       WINSTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          JAMES DOUGLAS SMITH (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:         DENIED MOTION FOR POST-
                                 CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 04/28/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., ROBERTS AND FAIR, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1. James Douglas Smith appeals the judgment of the Winston County Circuit Court, which denied his post-conviction-relief (PCR) motion on January 6, 2014. On appeal, Smith argues that the circuit court erred in denying his PCR motion as being time-barred and without merit. Smith claims that his guilty plea was involuntary, as it was coerced as a result of deception on behalf of his attorney and induced by the judge. Smith also claims that his thirty-year sentence for the crime of statutory rape is unlawful, as it exceeds his life

expectancy. Upon review, we find that Smith's issues are without merit. Finding no error, we affirm.

## FACTS

¶2. On March 31, 2009, a Winston County grand jury indicted Smith on one count of statutory rape, pursuant to Mississippi Code Annotated section 97-3-65(1)(b) (Supp. 2009), alleging that on January 17, 2009, Smith "wilfully, unlawfully and feloniously [had] sexual intercourse with D.B.,[1] a female child under the age of fourteen (14) years[,] . . . while . . . Smith was then and there more than twenty-four (24) months older than the said child." On August 8, 2009, Smith submitted a petition to enter a plea of guilty to statutory rape of a female child under the age of fourteen. The circuit court held a hearing on the petition that same day, where Smith admitted that he had sexual relations with a minor, D.B., against her will, at a time when the victim was under the age of fourteen and he was over the age of eighteen. The court subsequently accepted Smith's guilty plea, and upon the recommendation of the State, sentenced Smith to thirty years in the custody of the Mississippi Department of Corrections (MDOC), as well as ordered him to pay a $500 fine plus court costs. On August 10, 2013, Smith filed his PCR motion in the Winston County Circuit Court, which was dismissed.

## STANDARD OF REVIEW

¶3. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous. *Rowland v. State*, 42

---

[1] The Court of Appeals declines to identify sexual-assault victims. In the interest of the minor's privacy, initials have been substituted for her name.

So. 3d 503, 506 (¶8) (Miss. 2010).  We review questions of law de novo.  *Id.*

## ANALYSIS

### I.    STATUTORY TIME BAR

¶4.    Smith filed his PCR motion nearly one full year outside the three-year statutory period provided by Mississippi Code Annotated section 99-39-5(2) (Supp. 2014).  Section 99-39-5(2) provides:

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

On its face, Smith's PCR motion appears to be time-barred.  However, Mississippi Code Annotated section 99-39-5(2)(a)-(b) provides three exceptions to this general statute of limitations.  In order to avoid the time bar, the movant must show one of the following: (1) an intervening decision of a higher court; (2) new evidence that was not reasonably discoverable at trial; or (3) his sentence has expired, or his parole, probation, or conditional release has been unlawfully revoked.  Miss. Code Ann. § 99-39-5(2)(a)-(b).  Additionally, the Mississippi Supreme Court has found that "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars" of the Uniform Post-Conviction Collateral Relief Act.  *Rowland*, 42 So. 3d at 506 (¶9).  While Smith does not assert any of the statutory exceptions to the time bar, his claim that his guilty plea was entered as a result of coercion, inducement, and deception does affect his fundamental constitutional rights.  *See Ducksworth v. State*, 134 So. 3d 792, 794-95 (¶5) (Miss. Ct. App. 2013) (acknowledging that allegations

3

of involuntary pleas may affect fundamental constitutional rights, though ultimately holding Ducksworth's claims to be barred). Additionally, Smith alleges that he received an illegal sentence. "[T]he right to be free from an illegal sentence has been found to be fundamental." *Kennedy v. State*, 732 So. 2d 184, 186 (¶8) (Miss. 1999). Thus it is necessary to discuss the merits of his claims.

## II. VOLUNTARY GUILTY PLEA

¶5. Smith claims the circuit court erred when it declared his PCR motion time-barred and without merit. He claims that his court-appointed attorney used "deception and fear" to coerce him into accepting the State's plea offer, based upon a "pretense" that the State had DNA evidence and a written confession to the crime. Smith alleges that this critical evidence was not presented to the court in the State's factual basis at his plea hearing. Smith additionally claims that part of his attorney's deception was not informing him that the judge could sentence him to something other than the State's offer of thirty years. Finally, Smith claims that his plea was involuntary because the court insisted he admit guilt before accepting the plea, and he continued to profess his innocence to the court.

¶6. Smith filed his Petition to Enter a Plea of Guilty on August 24, 2009, and the court held a hearing on that petition the same day. At Smith's guilty-plea hearing, the circuit court judge questioned and advised Smith about his understanding of the charges against him and his desire to plead guilty. Smith stated that he understood his rights, and Smith's attorney confirmed that they had comprehensively gone over the plea petition before the hearing. The court asked if Smith understood that he could receive a minimum sentence of twenty years

4

and a maximum sentence of life; Smith responded affirmatively. The assistant district attorney (ADA) stated the factual basis for the charge, after which the court asked Smith if he heard the basis and admitted guilt. The following exchange occurred:

SMITH: I have no recollection of it. But instead of . . . throwing my life away and spending the rest of my life in prison, if there is any possible chance of doing 30 years and I could get out, I'll . . . take that. I'll plead guilty.

COURT: No. See, I don't accept anybody's guilty plea unless they, in fact, did it. I am not going to send innocent folks to the penitentiary. If you didn't do it, you are entitled to a trial . . . on this matter. And I'm going to grant you that.

I would only accept your plea of guilty if, in fact, you did it. I would only accept your plea of guilty if, in fact, you did do it and you acknowledged to me that you did do it.

If not, we would have a trial. You've got a constitutional right to a trial. I will give you that.

SMITH: Yes, sir, I understand. There's no use in trying to have a speedy trial on that situation. It happened.

The court then asked the ADA to be more specific as to the factual basis for the charge, and the ADA represented that the State would be able to present a signed, written confession by Smith, as well as DNA evidence linking him to the victim. At this point, the court asked Smith if he committed the crime. Smith replied, "Yes, sir." The court then asked if Smith was pleading guilty to the charge because he was, "in fact, guilty of it." Again, Smith responded, "Yes, sir." The court then stated that the State was expected to make a sentencing recommendation, but asked Smith if he understood that the court was under no obligation to accept the recommendation, but instead could impose any sentence allowed under the law.

5

Smith responded affirmatively.

¶7. The circuit court judge thoroughly reviewed and discussed the petition. A transcript of the plea colloquy shows that the judge throughly advised him of all constitutional rights he was waiving by pleading guilty, and Smith acknowledged his waiver of these rights. Smith also had discussions with the court over the nature and specific factual basis for the charges against him. Furthermore, the court found that Smith's plea was knowingly and intelligently entered. Additionally, Smith stated under oath that he understood that the State would make a sentencing recommendation to the court for thirty years in MDOC custody, and Smith stated that he understood he could receive the maximum sentence of life imprisonment.

¶8. "[A] guilty plea is valid so long as it was voluntarily and intelligently made by the criminal defendant before the trial court." *Larry v. State*, 129 So. 3d 263, 265 (¶6) (Miss. Ct. App. 2013). "To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of that plea." *Id.* During the plea hearing, Smith acknowledged that he was waiving his constitutional rights, and he stated that he understood the nature of the charges against him. Smith and the judge discussed in depth the meaning of Smith's guilty plea. At the end of this discussion, Smith stated, "It happened." After this discussion, the State provided additional factual information about the evidence against Smith, including DNA evidence and a signed confession. Smith again swore he was guilty and the alleged offense had happened. "Solemn declarations made in open court carry a strong presumption

6

of verity." *Id.* Smith's assertion of involuntariness is without merit.

### III. UNLAWFUL SENTENCE

¶9. In addition to his involuntary-plea claim, Smith alleges that his thirty-year sentence for statutory rape is unlawful because it is equivalent to life imprisonment. Smith pleaded guilty under Mississippi Code Annotated section 97-3-65(1)(b) to sexual intercourse with a child under the age of fourteen who was not his spouse and who was at least twenty-four months younger than he was. The punishment for the statutory rape Smith pleaded guilty to is found in section 97-3-65(3)(c): "Upon conviction for statutory rape, the defendant shall be sentenced as follows: . . . If eighteen (18) years of age or older and convicted under subsection (1)(b) of this section, to imprisonment for life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years[.]" In support of his claim of an unlawful sentence, Smith relies on the supreme court's holding in *Stewart v. State*, 372 So. 2d 257 (Miss. 1979). However, Smith's reliance on *Stewart* is misplaced.

¶10. The defendant in *Stewart* challenged his conviction for armed robbery under Mississippi Code Annotated section 97-3-79 (Supp. 1978). Under the provisions of that section at the time of conviction, the sentencing judge did not have discretion to impose a life sentence, even if the jury failed to impose such a sentence. *Stewart*, 372 So. 2d at 257 n.1. Smith's conviction is not governed by the same statute. As discussed previously, section 97-3-65(3)(c) sets a maximum penalty of life imprisonment and a minimum of twenty years, "as the court may determine." A comparison of the two statutes clearly shows that section 97-3-

7

79 intends for the *jury* to make the determination for or against a life sentence, while section 97-3-65(3)(c) clearly intends for the *court* to make such a determination. The judge's determination of Smith's sentence was well within his statutorily defined discretion and did not exceed the statutory limits. Thus, Smith's assertion that the sentence is tantamount to life imprisonment and is therefore unlawful is without merit. Accordingly, we affirm the trial court's judgment denying Smith's PCR motion.

¶11. **THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**