# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00513-COA

**MIKE BRIAN RUTLEDGE**                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

DATE OF JUDGMENT:            04/18/2022
TRIAL JUDGE:                 HON. JOHN R. WHITE
COURT FROM WHICH APPEALED:   PRENTISS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      MIKE BRIAN RUTLEDGE (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 04/18/2023
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., LAWRENCE AND EMFINGER, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. Mike Brian Rutledge filed a motion for post-conviction collateral relief (PCR) in the Prentiss County Circuit Court concerning his guilty plea to capital murder. In his PCR motion and supplemental filings, he raised multiple issues including an involuntary plea, ineffective assistance of counsel, speedy-trial violations, and a defective indictment. The circuit court denied his PCR motion because each of his claims lacked merit. Rutledge now appeals from the circuit court's order but challenges only the validity of his 2015 burglary conviction. But this issue is procedurally barred because it was never presented to the circuit court. Therefore, the circuit court's order denying Rutledge post-conviction collateral relief is affirmed.

¶2.    On November 7, 2017, Rutledge was indicted by a Prentiss County grand jury for the capital murder of Laura Rutledge and possession of a weapon by a convicted felon.  The indictment alleged that Rutledge possessed a "butcher knife" and that he previously had been convicted of burglary on September 21, 2015.  On June 9, 2020, Rutledge pled guilty to the capital murder charge, but the possession of a weapon by a felon charge in Count II was retired to the files.  The trial court sentenced Rutledge to life imprisonment without eligibility for parole for the capital murder conviction and ordered the term to run consecutively to the burglary sentence Rutledge was serving at the time of the plea.

¶3.    On October 4, 2020, Rutledge filed a PCR motion in the Prentiss County Circuit Court.  Rutledge alleged in his motion that his capital murder plea was involuntary, his counsel was ineffective, and he was denied a mental evaluation.  He also alleged various other constitutional and statutory grievances.  The circuit court denied the PCR motion on April 18, 2022.

¶4.    Rutledge now appeals the decision but does not address any of the allegations made in the PCR motion.  Instead, he raises only one issue—the validity of his 2015 burglary conviction.  This appeal, however, is the first time Rutledge has raised this issue.  Therefore, this claim is procedurally barred.  *See Smith v. State*, 973 So. 2d 1003, 1006 (¶6) (Miss. Ct. App. 2007) ("Issues not raised in [a] motion for post-conviction relief are procedurally barred on appeal."); *see also Stamps v. State*, 151 So. 3d 248, 255 (¶18) (Miss. Ct. App. 2014) ("A petitioner who fails to raise an issue in his motion for post-conviction relief before the trial court may not raise that issue for the first time on appeal."); *Bell v. State*, 105 So. 3d 401,

403-04 (¶10) (Miss. Ct. App. 2012) ("It is well settled that issues not raised before the trial court for resolution are procedurally barred from being raised for the first time before the appellate court.").

¶5. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**