980 So.2d 959 (2008)
Steve RONCALI, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01224-COA.
Court of Appeals of Mississippi.
April 15, 2008.
*960 Stan Perkins, Greenville, attorney for appellant.
Office of the Attorney General by Ladonna C. Holland, attorney for appellee.
Before KING, C.J., IRVING and CHANDLER, JJ.
IRVING, J., for the Court.
¶ 1. Steve Roncali was convicted by a jury of simple assault on a law enforcement officer and was sentenced by the Sunflower County Circuit Court to five years in the custody of the Mississippi Department of Corrections. Aggrieved, he appeals and asserts: (1) that the trial judge erred in failing to grant his request for a peremptory strike and (2) that his conviction for simple assault cannot stand because it subjects him to double jeopardy.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On December 16, 2005, Deputy Hezzie Murray of the Sunflower County Sheriff's Department was traveling on Highway 82 when he noticed a vehicle speeding and weaving in and out of traffic. Deputy Murray activated his blue lights and pulled the vehicle over. He then approached the vehicle and asked the driver, Roncali, to produce his driver's license. Roncali informed Deputy Murray that his license had been suspended and that he did not have car insurance. According to Deputy Murray, Roncali aimlessly moved his right leg and arm while he was speaking with him. Deputy Murray then noticed what appeared to be methamphetamine in Roncali's right hand. Deputy Murray attempted to retrieve the substance by reaching into the vehicle. As he did so, Roncali punched him in the stomach, knocking the wind out of him. While Deputy Murray was recovering from the blow to his stomach, Roncali swallowed the substance. Deputy Murray called for backup and attempted to place Roncali under arrest, but Roncali resisted and the two began to wrestle. Shortly thereafter, another deputy arrived and handcuffed Roncali.
¶ 4. Roncali was tried for possession of amphetamine and simple assault on a law enforcement officer. However, he was only convicted of simple assault on a law enforcement officer because the jury was unable to reach a unanimous verdict on the charge of possession of amphetamine.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. Roncali argues that the trial court erred by refusing to grant his request for a peremptory strike of juror number one. During jury selection, Roncali's attorney exercised peremptory challenges against the only two remaining Caucasian members of the jury panel. The State immediately raised a Batson challenge, and the court required Roncali's attorney to assert a race-neutral reason for her use of her *961 peremptory challenges.[1] Roncali's attorney claimed that juror number one looked away from her when she asked him whether he could be fair and impartial. The State countered that she had not observed any such activity. The trial judge agreed with the State and denied Roncali's attorney's request. The judge stated: "Okay. I didn't see that. I'm making a determination that that is not race neutral, and I don't think it's valid."
¶ 6. Batson requires the party objecting to the peremptory challenge to make a prima facie showing that race was the reason for the exercise of the peremptory challenge. McFarland v. State, 707 So.2d 166, 171(¶ 14) (Miss.1998) (citing Batson, 476 U.S. at 96-97, 106 S.Ct. 1712). The burden is then shifted to the proponent to provide a race-neutral reason for the strike. Id. Finally, the court determines whether the objecting party has satisfied the burden of establishing that there was purposeful discrimination in the exercise of the peremptory strike. Id.
¶ 7. "When a Batson issue arises, the trial judge acts as the finder of fact." Walker v. State, 815 So.2d 1209, 1215(¶ 12) (Miss.2002) (citing Berry v. State, 703 So.2d 269, 295(¶ 99) (Miss.1997)). This Court must view the race-neutral explanations in the light most favorable to the trial judge's findings. Id. "Trust is placed in a trial judge to determine whether a discriminatory motive drives the reasons given for striking a potential juror." Id. "One of the reasons the trial court is afforded such deference when a Batson challenge is raised is because the demeanor of the attorney making the challenge is often the best evidence on the issue of race neutrality." Id. (citing Webster v. State, 754 So.2d 1232, 1236(¶ 10) (Miss.2000)). In the absence of any evidence to contradict the judge's finding, we are bound to give deference to his ruling. This issue lacks merit.
¶ 8. Roncali also argues that he was subjected to double jeopardy because, at the time of his arrest, he was issued a citation for resisting arrest and was later convicted of simple assault on a law enforcement officer.[2] We note at the outset that Roncali makes this argument for the first time on appeal. It is well established that issues raised for the first time on appeal are procedurally barred; however, the Mississippi Supreme Court recently addressed a defendant's double jeopardy issue even though he did not raise it at the trial level. In Graves v. State, 969 So.2d 845, 846-47(¶ 6) (Miss.2007) (citing Fuselier v. State, 654 So.2d 519, 522 (Miss.1995)), the court declined to find the issue procedurally barred because it reasoned that "the protection against double jeopardy is a fundamental right."
¶ 9. The double jeopardy clause of the Fifth Amendment forbids a person from being "twice put in jeopardy of life or limb." U.S. CONST. amend. V. "This guarantee, enforceable against the states through the Fourteenth Amendment, assures three separate protections: (1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense." Graves, 969 So.2d at 847(¶ 7) (citing United States v. Dixon, 509 U.S., 688, 695-96, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993)). Although we address Roncali's *962 issue, we find no merit to it, as Roncali was not twice put in jeopardy of life or limb. "In determining whether the protection is applicable under either the Federal or State provision, we apply the `same-elements' test as articulated by the U.S. Supreme Court in Blockburger v. United States, 284 U.S. 299, 304[, 52 S.Ct. 180, 76 L.Ed. 306] (1932)." Powell v. State, 806 So.2d 1069, 1074(¶ 8) (Miss.2001) (citing Keyes v. State, 708 So.2d 540, 544(¶ 13) (Miss.1998)). Blockburger provides that each offense for which a defendant is charged must contain at least one element that is not included in the other. Id.
¶ 10. Mississippi Code Annotated section 97-9-73 (Rev.2006) states that "it shall be unlawful for any person to obstruct or resist by force, or violence, or threats, or in any other manner, his lawful arrest or the lawful arrest of another person by any state, local or federal law enforcement officer. . . ." On the other hand, Mississippi Code Annotated section 97-3-7 (Supp.2007) provides that a person is guilty of a simple assault upon a law enforcement officer if he attempts to cause or purposely, knowingly, or recklessly causes bodily injury to a law enforcement officer who is acting in the scope of his duty, office, or employment. A clear reading of the statutes establishes that the two offenses contain an element that is lacking from the other. "To convict a defendant of resisting arrest, the State must show that either the defendant or someone else was actually being arrested at the time of the offense." Powell, 806 So.2d at 1075(¶ 14). However, to convict a defendant of simple assault upon a law enforcement officer, the State must prove that the defendant attempted to cause bodily injury or in fact purposely, knowingly, or recklessly caused the officer to suffer bodily injury. There is no merit to this issue.
¶ 11. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT OF CONVICTION OF SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) prohibits racial discrimination in jury selection.
[2] We assume that Roncali was convicted of resisting arrest although the record does not reflect how this matter was resolved.