**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2016-CP-00254-COA**

**DAVID YATES**                                                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                    **APPELLEE**

DATE OF JUDGMENT:             01/25/2016
TRIAL JUDGE:                  HON. WILLIAM R. BARNETT
COURT FROM WHICH APPEALED:    COVINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       DAVID YATES (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: LISA L. BLOUNT
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 09/12/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND CARLTON, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     David Yates, appearing pro se, appeals the Covington County Circuit Court's denial

of his motion for post-conviction relief (PCR).  Finding no error, we affirm.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

¶2.     In July 2009, Yates was indicted for one count of sexual battery of a child under the

age of fourteen, and one count of fondling of a child under the age of sixteen, under

Mississippi Code Annotated sections 97-3-95(1)(d) and 97-5-23 (Rev. 2014), respectively.[1]

Yates entered an open plea to both counts before Special Circuit Court Judge Frank Vollor.

---

[1] Yates's wife Kimberly was also indicted as a codefendant for the same charges.

The trial court accepted the guilty plea and ordered a presentencing report. Judge Vollor sentenced Yates to life in the custody of the Mississippi Department of Corrections (MDOC) for the sexual-battery charge and fifteen years for the fondling charge, to be served consecutively.

¶3. Yates filed a timely pro se PCR motion alleging ineffective assistance of counsel, an involuntary guilty plea, and lack of a factual basis for his plea. In support of his claims, Yates attached to the PCR motion his own affidavit[2] and an affidavit from his sister[3] who, along with other family members, had been present at Yates's meetings with defense counsel.

¶4. An evidentiary hearing was held on Yates's PCR motion with William Barnett, special circuit court judge, presiding. Yates's former public defense counsel, Oby Rogers, testified, as did Yates. Rogers recollected that Yates gave a knowing, voluntary, and informed plea. He claimed that the Mississippi Bureau of Investigation had been very involved in the case, and had "a pretty well put together file." Rogers testified:

> Mr. Yates chose to plead guilty after advising him of what I thought were the facts that would be presented at trial. . . . I went over to [Yates] and I told [Yates], "I understand your version and I understand the State's version. And what I'm worried about is what version . . . the jurors [will] believe."

---

[2] In Yates's affidavit, he stated that he told his attorney he was innocent of sexual battery, but his attorney replied that if Yates went to trial he would be found guilty and sentenced to life imprisonment without parole; however, if he pleaded guilty he would not get a life sentence.

[3] Yates's sister stated that the charges were fabricated. She also claimed that Yates was encouraged by his counsel to enter an open plea by defense counsel in order to avoid sentencing by a jury or the district attorney, because the judge would give a lighter sentence.

After reviewing the State's file and the video statements of Yates and his wife/codefendant, it was Rogers's opinion that Yates would be convicted of both counts, and he told Yates so. Rogers admitted telling Yates the benefits of giving an open plea, but denied telling Yates what he thought the judge would or could do, or that if convicted by a jury Yates would be sentenced to life. Two identically worded affidavits were also submitted at the evidentiary hearing, in support of Yates's claims. The witnesses were family members who were not present at the hearing due to its rescheduling, but were present at defense counsel meetings.[4]

¶5.    After testimony was heard, Judge Barnett stated:

> [Yates's] guilty plea was about as thorough as I've seen and certainly probably more thorough than I would have done. And I also notice that . . . at a later date Mr. Yates was sentenced. The court finds that there's no new evidence. . . . The main complaint is that he entered a guilty plea thinking that he would not get the maximum. So I guess his complaint is that he received the maximum instead of something less than that. And the court can certainly not fault him for trying to get his life sentence changed.

However, the trial court found no grounds to grant Yates's PCR motion, and denied it. Yates timely appealed, raising three errors: ineffective assistance of counsel, an involuntary guilty plea, and failure to prove the age of the victim.

## STANDARD OF REVIEW

¶6.    The standard of review for denial of post-conviction relief after an evidentiary hearing is the clearly erroneous standard, meaning an appellate court will only disturb the

---

[4] The identical affidavits stated that defense counsel advised Yates against pleading not guilty and going to trial because "the jury would crucify him," and Yates should enter an open plea, which would allow the judge to determine the sentence instead of the district attorney. When Yates signed his plea papers, however, he noted they said "guilty," but he did not understand this significance, trusting counsel who said he was pleading "open."

circuit court's factual findings if the findings are clearly erroneous. *Doss v. State*, 19 So. 3d 690, 694 (¶5) (Miss. 2009); *Davis v. State*, 980 So. 2d 951, 954 (¶5) (Miss. Ct. App. 2007). Questions of law are reviewed de novo. *Id.*

## ANALYSIS

### I.      Ineffective Assistance of Counsel

¶7.      Yates argues that his trial counsel gave him incorrect advice about pleading guilty, and failed to investigate witnesses that would prove his innocence. Yates contends his trial counsel advised him to enter an open plea of guilty so that he would receive a lighter sentence, because if he went to trial he would be found guilty and sentenced to life imprisonment. Yates claims he would not have entered a guilty plea had he known the trial court judge would impose a sentence of life imprisonment.

¶8.      To succeed on a claim of ineffective assistance of counsel, the defendant must show: (1) counsel's performance was deficient, and (2) this deficiency prejudiced the defense. *Williams v. State*, 110 So. 3d 840, 844 (¶21) (Miss. Ct. App. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In the context of a guilty plea, the defendant must show that his "counsel's errors proximately resulted in the guilty plea and, but for counsel's error, the defendant would not have entered the guilty plea." *McCollum v. State*, 81 So. 3d 1191, 1192-93 (¶8) (Miss. Ct. App. 2012) (quoting *Deloach v. State*, 937 So. 2d 1010, 1011 (¶5) (Miss. Ct. App. 2006)). The defendant must show "unprofessional errors of substantial gravity" alleged with "specificity and detail." *Cole v. State*, 918 So. 2d 890, 894 (¶10) (Miss. Ct. App. 2006) (citation omitted); *Kinney v. State*, 737 So. 2d 1038, 1041 (¶8) (Miss.

Ct. App. 1999) (citation omitted). However, "there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance." *Hooghe v. State*, 138 So. 3d 240, 247 (¶31) (Miss. Ct. App. 2014) (citing *Strickland*, 466 U.S. at 689).

¶9. Yates properly submitted affidavits in an attempt to support his allegations, but he failed to prove ineffective assistance under *Strickland*. He attached his own affidavit and an affidavit by his sister to his PCR motion, and at his evidentiary hearing attached two identical affidavits from family members, all claiming his counsel advised him to plead guilty to avoid a harsher sentence. However, Yates's plea petition and sworn testimony at the plea and evidentiary hearing contradict these affidavits, showing that Yates understood the maximum sentence for sexual battery was life imprisonment, the maximum sentence for fondling was fifteen years, and the sentences could be imposed consecutively.

¶10. Yates signed a plea petition explaining the maximum and minimum sentences for each charge. He agreed that he had not been made any promises by anyone that he would receive a lighter sentence if he pleaded guilty except (he wrote in) "an open plea." He also agreed with the statement: "I AM SATISFIED WITH THE ADVISE AND HELP [COUNSEL] HAS GIVEN ME," and that if he had "been told by [his] lawyer that [he] might receive probation or a light sentence, this is merely [counsel's] prediction and is not binding on the Court."

¶11. At the plea hearing, Yates specifically acknowledged that no one told him the judge would give him a lighter sentence if he pleaded guilty. The State represented that it was not making any recommendation for sentencing under the open plea. The judge explained the

maximum and minimum sentences to Yates, and that he might have to serve them day-for-day. Yates stated he understood. Finally, Yates claimed he was satisfied with the services of his counsel. However, at the evidentiary hearing, Yates testified that Rogers gave him incorrect advice about pleading guilty, and that he only agreed to an open or guilty plea because Rogers told him if he went to trial he would "definitely receive a life sentence," but if he agreed to an open plea, the judge would most likely sentence him to twenty years, with only ten years to serve.

¶12.    Rogers, however, testified to the contrary, denying that he told Yates how the judge might sentence him. Judge Barnett, who was not the sentencing judge, found there to be no new evidence presented, but that he understood Yates's attempt to get a life sentence changed when he was apparently expecting to be sentenced to something less than the maximum sentence. However, there were no grounds to grant post-conviction relief.

¶13.    Regarding Yates's claim of failure to call or investigate witnesses who would prove his innocence, Yates attached the affidavit of his sister to his PCR motion in support of his claim. The affidavit stated that she knew

> without doubt that the charges against [Yates] [were] bogus and fabricated by [MJ] in an attempt to keep [KJ] and [Yates] apart. That [Yates] was never alone with said child, and the child lived with [MJ]. That indeed, it was [MJ], [LJ], and [KJ] that were forcing a sexual relationship upon said child.[5]

However, the sister did not testify at the evidentiary hearing. Rogers testified at the hearing that he did not recall Yates having any alibi witnesses, and if Yates did have such witnesses,

---

[5] Initials have been substituted for names in this statement to protect the victim's anonymity.

he would have contacted them. Rogers also testified that the prosecution's case was strong, and the evidence clearly placed Yates and his wife at the hotel where the crime occurred. Further, Rogers stated that Yates never complained about his representation.

¶14. Yates's allegations of ineffective assistance of counsel are contradicted by the plea petition, his sworn testimony at the plea and evidentiary hearings, and sworn testimony of counsel at the evidentiary hearing. Accordingly, under *Strickland*, Yates fails to prove that his counsel's performance was deficient. This issue is without merit.

## II. Guilty Plea

¶15. Next, Yates argues that he pleaded guilty due to his counsel's erroneous advice, which renders his plea invalid. Yates claims his counsel had him lie at his plea hearing, and he pleaded guilty out of fear of receiving a sentence of life imprisonment.

¶16. A guilty plea is valid if it is entered into "voluntarily, knowingly, and intelligently." *Williams v. State*, 31 So. 3d 69, 74 (¶13) (Miss. Ct. App. 2010) (citations omitted). To determine whether the plea is voluntarily and intelligently given, "the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Id.* "The burden of proving a guilty plea is invalid rests with the defendant, and must be proven be a preponderance of the evidence." *Id.* Lastly, "statements made in open court under oath 'carry a strong presumption of verity.'" *Thomas v. State*, 159 So. 3d 1212, 1216 (¶12) (Miss. Ct. App. 2012) (citations omitted).

¶17. Yates's plea petition and plea-hearing transcript show he was thoroughly informed of the nature and consequences of his guilty plea, including a possible maximum life

7

sentence for the sexual-battery charge. Yates signed his plea petition indicating he had read and understood it. At the plea hearing, Judge Vollor thoroughly questioned Yates prior to accepting his plea. Yates was advised of his constitutional rights, and that by entering a guilty plea, he was waiving those rights. Yates denied being coerced into pleading guilty. Judge Vollor found Yates understood the charges against him, his plea petition, the nature and consequences of his plea, and the minimum and maximum sentences for the charges.

¶18. The affidavits submitted by Yates in support of his argument for this issue and ineffective assistance of counsel are contradicted by the plea- and evidentiary-hearing transcripts. "A trial court may disregard the movant's assertions where they are substantially contradicted by the court record that culminated in the entry of the guilty plea." *Larry v. State*, 129 So. 3d 263, 265-66 (¶10) (Miss. Ct. App. 2013) (citation omitted). Moreover, any misconceptions Yates had prior to the plea hearing were corrected by Judge Vollor at the plea hearing. "A guilty plea is voluntary despite erroneous advice by counsel if the defendant's misconception is corrected by the court during the plea colloquy." *Id.* at 265 (¶9). The trial court did not err in finding Yates's guilty pleas voluntary and thereby valid.

### III. Age of the Child

¶19. Finally, Yates argues that the prosecution failed to introduce proof of the age of the victim within the meaning of sections 97-3-95(1)(d) and 97-5-23. Yates claims that in charging him with sexual battery of a child under the age of fourteen and fondling of a child under the age of sixteen, the State did not provide a birth certificate or sworn testimony to prove the victim's age. Therefore, Yates contends that the State failed to meet its burden of

proving the elements of the indicted charges beyond a reasonable doubt.

¶20. "A guilty plea operates to waive . . . the right that the prosecution prove each element of the offense beyond a reasonable doubt." *Garrett v. State*, 110 So. 3d 790, 793 (¶9) (Miss. Ct. App. 2012) (citing *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989)). The victim's birth certificate was not needed as evidence at Yates's plea hearing to prove the element of age. During the plea hearing, the trial judge asked the prosecution what evidence it expected to show at trial. The prosecution's offer of proof included establishing that the victim was under the age of fourteen at the time of the offenses. Yates did not contest the offer of proof. Accordingly, Yates's guilty plea operates as a waiver of this claim. This issue is without merit.

## CONCLUSION

¶21. The trial court did not abuse its discretion in denying Yates's PCR motion. The judgment of the circuit court is therefore affirmed.

¶22. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**